KORNMANN, District Judge,
concurring.
I concur in the result only because of the case law in our circuit and based upon a “clear error” standard of review. The fact that I would not have made the same finding that the district court made as to the weapon enhancement is of no moment. I concur certainly with the recognition in the majority opinion that this case as to the weapon enhancement is a “close case.”
My concern is obviously with the weapons enhancement under U.S.S.G. § 2Dl.l(b)(l). There was no evidence that the defendant or anyone else such as an associate, relative, or co-conspirator was ever seen with any firearm, much less in *886 the presence of illegal substances. There was no evidence that the firearm itself or any other weapon was ever in the same location as illegal substances. Here, the tail wags the dog, to the detriment of the defendant. The Sentencing Commission should immediately revise in a logical fashion Application Note 3 to the guideline in question. If necessary, the United States Supreme Court should examine the state of the law as to these issues.
We are told to apply the enhancement “if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.” What does it mean to “be present”? Apparently, it is sufficient if the weapon is present somewhere or perhaps anywhere. The majority opinion recognizes, however, the holding in United States v. Savage, 414 F.3d 964, 966 (8th Cir.2005), that “[t]he mere presence of a firearm is an insufficient predicate for a § 2D1.1(b)(1) enhancement.” We know also that “[t]he dangerous weapon enhancement applies if the firearm is present during ‘relevant conduct,’ as defined by U.S.S.G. § lB1.3(a)(2), not merely during the offense of conviction.” United States v. Ault, 446 F.3d 821, 824 (8th Cir.2006) (quotations omitted). I know of no allegation of relevant conduct in the present case.
In an unpublished opinion, the district court was affirmed based on its finding that there was a “likely connection” between the firearms and the drug activities. United States v. Thomas, 2010 WL 2881429, at *1 (8th Cir. July 23, 2010) (unpublished) (per curiam). I submit that a finding of “likely connection” should be the required standard.
The majority opinion explains that, under the state of the law: (1) the government does not have to show a probable connection of the firearm with drug activity, (2) the government need not show that the defendant used or even touched a weapon to prove a connection between the weapon and the offense, (3) it is sufficient if the defendant “might” have hidden a weapon, (4) the required proof to support the enhancement creates a very low bar for the government to hurdle, and (5) the government has a “low burden of proof’ as to the enhancement.
There is something fundamentally wrong with this state of the law. What ever happened to the common requirement that all the evidence against the defendant at a sentence hearing must meet at least a preponderance of the evidence standard? Should enhancements be levied based upon “might haves” or “could haves” or something similar? I submit not. The government is, under the state of the law, not only permitted to show that it is “not improbable” that the weapon was connected to the drug offense but is cut further slack to simply show that it is “not clearly improbable.” A “not clearly improbable” standard, in effect, shifts the burden of proof to the defendant. This should not be permitted under our system of justice.